UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Leah Gavaldon,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Fulton, Friedman & Gullace, LLP,<br><br>　　　　　　Defendant. | Civil Action No.:  3:13-cv-04487<br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Leah Gavaldon, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by Defendant in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Leah Gavaldon ("Plaintiff"), is an adult individual residing in Rowlett, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Fulton, Friedman & Gullace, LLP ("FFG"), is a New York business entity with an address of 500 First Federal Plaza, Rochester, New York 14614, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

5.    Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6.    The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.    The Debt was purchased, assigned or transferred to FFG for collection, or FFG was employed by the Creditor to collect the Debt.

8.    Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.    FFG Engages in Harassment and Abusive Tactics**

9.    In or around July 2013, FFG contacted Plaintiff's son in an attempt to collect the Debt.

10.   FFG informed Plaintiff's son that it was a law firm attempting to reach Plaintiff. FFG then requested that Plaintiff's son relay a message to Plaintiff.

11.   This telephone call caused Plaintiff a great deal of stress and embarrassment.

**C.    Plaintiff Suffered Actual Damages**

12.   Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

13.   As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. Defendant's conduct violated 15 U.S.C. § 1692b in that Defendant contacted Plaintiff's son for a purpose other than to confirm or correct location information.

16. Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with Plaintiff's son.

17. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

18. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

19. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

20. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent

    FDCPA violations in an amount to be determined at trial for Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 8, 2013

          Respectfully submitted,

          By */s/ Jody B. Burton*

          Jody B. Burton, Esq.
          CT Bar # 422773
          LEMBERG & ASSOCIATES, L.L.C.
          14785 Preston Road, Suite 550
          Dallas, Texas  75154

          *Counsel To:*
          LEMBERG & ASSOCIATES L.L.C.
          1100 Summer Street, 3rd Floor
          Stamford, CT 06905
          Telephone: (203) 653-2250
          Facsimile:  (203) 653-3424
          E-mail: jburton@lemberglaw.com
          Attorneys for Plaintiff